No. 04-00-00441-CV


Elvira G. CASTANO,


Appellant



v.



FOREMOST COUNTY MUTUAL INSURANCE COMPANY,


Appellee



From the 63rd Judicial District Court, Val Verde County, Texas


Trial Court No. 22110


Honorable George M. Thurmond, Judge Presiding



PER CURIAM


Sitting: Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: October 11, 2000 


DISMISSED


 On April 5, 2000, the appellant, Elvira G. Castano, filed a notice of appeal to challenge a
default judgment signed on March 3, 2000. Our initial review of the case indicated that the default
judgment was interlocutory because it did not dispose of the claims against M. Marc Gonzalez, a
person named as a defendant in the underlying petition for declaratory relief, and because no
severance order appeared in the record. As a result, we issued a show cause order directing Castano
to show cause in writing, by September 22, 2000, why this appeal should not be dismissed for lack
of jurisdiction. On September 25, 2000, Castano responded with a motion asking us to dismiss her
appeal.

 Where the plaintiff's petition names multiple defendants as it does here, and the plaintiff
obtains a no-answer default judgment against one of the defendants, the default judgment is
interlocutory and cannot be appealed until the trial court either renders a final judgment in the case,
or signs an order of severance making the interlocutory default judgment final. See Michol
O'Connor, J., O'Connor's Texas Rules * Civil Appeals §2.2 (1998); see also Tex. R. Civ. P.
240; $24,180.00 v. State, 865 S.W.2d 181, 188 (Tex. App.-Corpus Christi 1993, writ denied). In
this case, the clerk's record contains a motion to sever the plaintiff-appellee's claims against the
appellant, and a request for a final judgment, but the record does not contain a signed order granting
a severance. As a result, the default judgment is interlocutory, and we have no jurisdiction to
consider an appeal. Thus, had Castano not asked us to dismiss the appeal, we would have dismissed
the appeal for lack of jurisdiction. But because Castano has filed a motion to dismiss, we will grant
her motion and dismiss the appeal. See Tex. R. App. P. 42.1(2).


 PER CURIAM

PUBLISH